# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4781 | **DATE** | 10/22/2010 |
| **CASE TITLE** | Pulido vs. Village Discount Outlet, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons provided in this Minute Order, the Court grants VDO's motion for summary judgment [doc. no. 31]. This case is hereby terminated.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Pro se plaintiff Maria Pulido has sued her former employer, Village Discount Outlet, Inc. ("VDO"), for discrimination based on color, national origin and race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981. VDO has moved for summary judgment. For the reasons provided herein, the Court grants VDO's motion.

### Facts

The following facts are undisputed or deemed admitted by the nonmovant's failure to comply with Local Rule 56.1.[1] VDO operates retail stores throughout the Chicago Metropolitan area where it sells used merchandise. (Def.'s LR 56.1(a)(3) Stmt. ¶ 1.)

On August 5, 2008, VDO hired Pulido as a part-time production worker in its store located at 7443 South Racine ("Racine store"). (*Id.* ¶ 2.) Pulido's duties included sorting the used items between those suitable for sale and those that were not, arranging items on clothing racks on the store floor, maintaining the store floor, and removing clothes from racks that had been priced below a certain value. (*Id.* ¶¶ 1-2.)

On August 13, 2008, the seventh day that Pulido had worked at the Racine store, Supervisor Chaffin informed Pulido that Pulido's car had been vandalized in that someone had removed the wheels. (*Id.* ¶¶ 4, 17.) VDO investigated the theft of the wheels from Pulido's vehicle by obtaining statements from two employees who saw portions of the event, as well as Chaffin. (*Id.* ¶ 5.) Supervisor Chaffin first noticed what she thought was an abandoned vehicle in the lot when she went outside to check on her staff at around 10:40 to 11:10 a.m. (*Id.* ¶ 6.) Upon Chaffin's inquiry to employees about the vehicle in the VDO parking lot, Bernie Robinson told her that the car belonged to Pulido. (*Id.*) Another employee, Robert Howard, told Chaffin that he saw what appeared to be "a Mexican guy removing tires from a car in the parking lot," but he did not say anything because he thought it was the person's own car. (*Id.* ¶ 7.) Later, Chaffin learned from

| STATEMENT |
|---|

another employee that the thieves were in a black Honda truck. (*Id.* ¶ 8.) The incident was reported to the police and a police report was filed, but no arrests were made. (*Id.* ¶ 9.)

On August 14, 2008, Pulido complained that when a black female co-worker, who was assigned to show Pulido how to do the work, told Pulido that she had not correctly removed certain clothing from a rack, Pulido responded that she had done it the way the co-worker had showed her and that someone, not Pulido, had put the clothes items where they should not have been. (Def.'s Ex. 8, Pulido's Report of 8/14/08 (English translation).) Because Pulido perceived that the co-worker's attitude changed after the above-described incident, she believes that this co-worker, together with all of the other VDO employees, sent someone to "to mess-up my car." (*Id.* ¶ 10; Def.'s Ex. 8, Pulido's Report of 8/14/08.) She complained to VDO that the tire incident was a "plot." (*Id.* ¶ 10; Def.'s Ex. 8, Pulido's Report of 8/14/08.)

Pulido requested a transfer to another VDO store, and VDO transferred her to its store located at 6419 South Kedzie in Chicago ("Kedzie store"). (Def.'s LR 56.1(a)(3) Stmt. ¶¶ 11-12.) On August 19, 2008 at 8:00 a.m., Pulido reported to the Kedzie store, where her supervisor, Laura Gutierrez, directed her to work with another employee who was sorting and hanging clothes on various racks on the store floor. (*Id.* ¶ 14.) After having worked in the Kedzie store for approximately one hour, Pulido walked out and never returned because she felt that: (1) she was not being properly trained because the employee who was showing her what to do kept leaving her alone and (2) Gutierrez was rude to her when Pulido asked her to be assigned to different tasks in another area of the store. (*Id.* ¶¶ 15-16; *see* Pl.'s Resp. 6.)

On May 5, 2009, Pulido received her right-to-sue letter from the EEOC. (Def.'s LR 56.1(a)(3) Stmt. ¶ 18.) On August 5, 2009, *i.e.*, 92 days later, she filed the instant complaint. (*Id.*)

## Discussion

A district court will grant a summary judgment motion "only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009). The court "construe[s] all facts and draw all inferences in the light most favorable to the non-moving party." *Id.* "The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009).

First, with regard to Pulido's Title VII claim, the Court holds that it is time-barred. Title VII requires litigants to file suit in district courts within ninety days after receiving a right-to-sue letter from the EEOC. § 2000e-5(f)(1). It is undisputed that Pulido received her right-to-sue-letter on May 5, 2009 and did not file her complaint in the instant case until August 5, 2009, ninety-two days later. (Def.'s LR 56.1(a)(3) Stmt. ¶ 18.) Further, none of the tolling or estoppel rules have been satisfied in this case because Pulido admits that she did not timely file her complaint because she was merely unaware that May and July had thirty-one days in them. *See Holland v. Florida*, ___ U.S. ____, 130 S.Ct. 2549, (2010) (stating that a miscalculation that leads to missing the filing deadline does not warrant equitable tolling); *Kyles v. Staff Mgmt., Inc.*, No. 01 C 8697, 2002 WL 31121096, at *2 (N.D. Ill. Sept. 25, 2002) (dismissing pro se plaintiff's Title VII complaint because it was filed 91 days after plaintiff received notice of right to sue where plaintiff miscalculated the ninety-day period); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F. Supp. 580, 581 (N.D. Ill. 1996) (same).

Second, with regard to Pulido's section 1981 claim, the Court holds that she has failed to raise a

| STATEMENT |
|---|
| triable issue regarding whether VDO discriminated against her based on her color, national origin and race. The summary judgment record is devoid of any direct evidence of discrimination and merely contains Pulido's speculation to support her discrimination claims. (*See* Def.'s Ex. 11, Pulido Dep. at 78-86.) Further, in order to make out a *prima facie* case of discrimination under the indirect method, she must show that she suffered an adverse employment action. This she has failed to do. No reasonable jury could find that, based on Gutierrez' being rude to Pulido and another employee's improperly training Pulido within the first hour of her employment at the Kedzie store, a reasonable person put in the same situation would find it to be intolerable such that it would constitute a constructive discharge. *Williams v. Waste Mgmt. of Ill.*, 361 F.3d 1021, 1032 (7th Cir. 2004).<br><br>In sum, the Court grants defendant's motion for summary judgment. This case is hereby terminated. |

1. Pulido was provided the "Notice to Pro Se Litigant Opposing Motion for Summary Judgment."